IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 13-CV-03336

ALAN WAUGH,

    Plaintiff,

v.

DEREK BOS, in his official and individual capacities;
W.J. VIDMAR, in his official and individual capacities;
LOGAN TIDWELL, in his official and individual capacities;

CHAFFEE COUNTY, COLORADO;
TOWN OF BUENA VISTA, COLORADO,

    Defendants.

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Alan Waugh hereby brings this complaint against Derek Bos, W.J. Vidmar, Logan Tidwell, Chaffee County Colorado, and the Town of Buena Vista, Colorado, and states as follows:

### INTRODUCTION

1. This is an action for monetary damages, declaratory, and injunctive relief brought under 42 U.S.C. §§1983-1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution against Derek Bos, W.J. Vidmar, and Logan Tidwell, law enforcement officers, and

the Town of Buena Vista, Colorado and Chaffee County Colorado under the theory of *respondeat superior*.

2. Plaintiff alleges that Defendants Tidwell, Bos, and Vidmar made an unreasonable search and seizure of his person, physically assaulted and battered the plaintiff. Defendants further falsely imprisoned Plaintiff without cause using excessive force. Defendants attempted to destroy the evidence of their violations by amending incident reports and tampering with video evidence. Plaintiff alleges that these constitutional violations are the result of policies of the Town of Buena Vista and/or Chaffee County, Colorado and that the town and county are liable for the actions of their employees under *respondeat superior*.

## JURISDICTION AND VENUE

3. This Court enjoys original jurisdiction under 28 U.S.C. §1331 and §1338, §1343(a)(3) over the Plaintiff's cause of action arising under the Constitution of the United States, 42 U.S.C. §1983, and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202. This Court enjoys supplemental jurisdiction over Plaintiff's state law causes of action arising under 28 U.S.C. §1367. Jurisdiction supporting Plaintiff's claims for attorney fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

4. Venue lies in the United States District Court for the District of Colorado because a substantial part of the events giving rise to Plaintiff's claims occurred within the District of Colorado. See 28 U.S.C. §1391(b)(2). All of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state of Colorado and citizens of the United States of America.

## PARTIES

5. Plaintiff Alan Waugh is an individual and resident of Buena Vista, Colorado. He is a small business owner in the community.

6. Defendant Derek Bos is a law enforcement officer and an employee and agent of the Chaffee County Sheriff's Office.

7. Defendant W.J. Vidmar is a law enforcement officer and an employee and agent of the Buena Vista Police Department.

8. Defendant Logan Tidwell is a law enforcement officer and an employee and agent of Chaffee County Sheriff's Office.

9. At all times relevant to this complaint, the Defendants Bos and Tidwell, were employed by the Chaffee County Sheriff's Office and acting under color of state law. At all times relevant to this complaint, the Defendant Vidmar was employed by the Buena Vista Police Department, and was acting under color of state law.

10. Defendant Town of Buena Vista, Colorado is a statutory town operating under Title 31, Article 1, Section 203 and Article 4, Part 3.

11. Defendant Chaffee County, Colorado is a political subdivision of the State of Colorado. Chaffee County, Colorado.

## BACKGROUND

12. On December 11, 2011, Amy Waugh falsely reported to the Chaffee County Sheriff's Office that her estranged husband, Alan Waugh, forced entry into their home, threatened the occupants with violent force, and fled the scene.

13. When Sergeant Derek Bos, Sergeant W.J. Vidmar, and Deputy Logan Tidwell, of the Chaffee County Sheriff's Office, arrived on scene, Plaintiff was not present. Defendant Bos contacted Plaintiff asking to speak with him about the allegations. Plaintiff voluntarily told the

Defendant Bos the address to his parent's home where he was located. Plaintiff even further assisted the Defendants in finding his location when they became lost. When law enforcement finally found the correct address, Plaintiff voluntarily stepped outside to speak with the officers.

13. The law enforcement officers were in an offensive position by taking cover behind obstacles and focusing a spotlight on Plaintiff. All Defendants were armed with SWAT weapons, including AR-15 assault rifles and a tazer.

14. Despite Mr. Waugh's clear indication of cooperation on the phone and now face-to-face, and no indication or evidence that Mr. Waugh was armed or that the verbal argument involved weapons of any kind, the officers pointed their weapons at both Plaintiff and his 68-year-old mother.

15. Just before the officers physically arrested him, Plaintiff informed them numerous times that he had a recent shoulder injury, while he held his hands in the air. Despite Plaintiff's surrender, the Defendants violently tackled him to the ground, significantly injuring his shoulder.

16. Defendants engaged in this aggressive course of conduct without a warrant for search or arrest, without interviewing all the witnesses to the alleged incident, and without cause.

17. Plaintiff was initially held without bond, but was eventually released upon his posting of a $10,000 bond. The case lingered for several months, until Plaintiff retained current counsel. Upon defense counsel's filing of a motion to suppress statements and evidence from warrantless arrest, the District Attorney voluntarily dismissed all charges prior to a hearing without prejudice.

18. Defendants have altered evidence in this case, including missing portions of the tazer-camera video and added facts to the original incident reports without properly amending them and documenting their amendments. The redactions and amendments, which were performed on

the evidence available, tend to rationalize the police officers' conduct. The reports are falsifying quotes or comments from witnesses. In addition, Sergeant Bos made unprofessional comments to the complaining witness, that he "always knew that Alan (the plaintiff) was a hothead and he would get him eventually", which is possibly indicative of a personal vendetta of the Sergeant against the plaintiff.

19. As a direct and proximate result of Defendants' actions, Plaintiff has suffered:

A) Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

B) Loss of physical liberty;

C) Intentional, harmful and offensive contact with his body;

D) Fear or apprehension of imminent bodily harm;

E) Severe emotional harm; and

F) Severe, irreparable harm to his reputation in his community

20. Defendants actions violate clearly established constitutional rights of Plaintiff guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

21. At all relevant times, Defendants were acting under color of law and under color of authority as police officers, sheriff's deputies, employees, and/or agents of Chaffee County, Colorado, the Town of Buena Vista, Colorado..

## COUNT ONE
### Violation of Civil Rights Under Color of Law
### 42 U.S.C. §1983, 4th and 14th Amendment Violations

22. Plaintiff re-alleges and incorporates by reference paragraphs 1-21.

23. Plaintiff claims damages under 42 U.S.C. §1983 for injuries set forth above against Defendants for violation of his constitutional rights while acting under color of law.

24. Supervisory Defendants, by and through their official duties within their respective organizations, failed to properly hire, train, supervise and/or discipline their employees regarding the proper use of physical restraint, resulting in the unlawful search, restraint and renewed injuries suffered to Mr. Waugh's shoulder during the arrest.

## COUNT TWO

### Excessive Force- 42 U.S.C. § 1983 Fourth Amendment Violation

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. At all times relevant to the allegations in this Complaint, Defendants acted under color of state law.

27. Mr. Waugh had a constitutionally protected right to be secure in his person against unreasonable seizures of the person. Defendants' actions caused Plaintiff severe emotional distress and bodily harm and irreparable damages and loss of income and character defamation.

28. The Defendants unlawfully seized Mr. Waugh by means of excessive physical force and thereby unreasonably restrained his freedom. Defendants intentionally and unjustifiably struck Plaintiff's person by tackling Plaintiff and separating his known shoulder injury/surgery. This aggressive contact was subsequent to Plaintiff's voluntary surrender and cooperation at all times as witnessed by the Plaintiffs mother, an elder woman, who was also subjected to aggressive contact and pushed with an assault rifle, when she tried to explain the Plaintiff's recent surgery to the officers effectuating the arrest

29. The Defendants actions, as described above, were objectively unreasonable in light of the facts and circumstances confronting them. Defendants intentionally or recklessly engaged in

extreme and outrageous conduct by arresting Plaintiff without sufficient cause, without an investigation, and while using excessive and unjustifiable force despite Plaintiff's cooperation.

30. As a direct result of Defendants' unlawful action as described above, Mr. Waugh suffered actual physical and emotional injuries.

## COUNT THREE

### *False Arrest/Unlawful Seizure 42 U.S.C. § Fourth Amendment Violation*

31. The Plaintiff incorporates paragraphs 1-30.

32. As a direct result of Defendants' unlawful action as described above, Mr. Waugh suffered actual physical and emotional injuries in an amount to be proven at trial.

33. The actions of the Defendants as described herein, while acting under color of state law, intentionally deprived Mr. Waugh of the securities, rights, privileges, liberties and immunities secured by the Constitution of the United States of America, including his right to freedom from unlawful seizure as guaranteed by the Fourth Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983 in that Mr. Waugh was unlawfully physically seized by the Defendant without probable cause to believe he had committed any offense.

34. Defendants intentionally, knowingly, recklessly, and excessively subdued, restrained, detained and falsely arrested Mr. Waugh without any reasonable justification or probable cause.

35. Defendants' conduct proximately caused significant injuries, damages and economic losses to Mr. Waugh.

## COUNT FOUR

### *Malicious Prosecution-42 U.S.C. § 1983 (4th Amendment and 14th Amendment Procedural Due Process Violations)*

36. Plaintiff incorporates paragraphs 1-35.

37.  Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

38.  Defendants, acting without probable cause, procured groundless charges against Mr. Waugh based on partial fabrication of inculpatory evidence, destruction of exculpatory evidence, and false, distorted testimony from the reporting witnesses, in order to bring about Mr. Waugh's arrest, confinement and prosecution.

39.  Defendants acted knowingly, maliciously, willfully and wantonly disregarding the truth to institute legal proceedings against Mr. Waugh. Defendants changed, edited and erased portions of the police reports. Those actions were done with the intent to conceal exculpatory evidence and fabricate evidence against Mr. Waugh.

40.  The respective police department and Sheriff's Office, failed to adequately train and/or supervise their subordinates to prevent the acts described herein and failed to establish policies, customs and or practices to prevent the above constitutional violations.

41.  The Felony charges brought by the police department and Sheriff's Office were dismissed by the District Court, sua sponte, for lack of probable cause and additional misdemeanor charges were dismissed by the Office of the District Attorney on September 18th, 2012.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A) Enter judgment in favor of Plaintiff against Defendants;

B) Enter an order declaring Defendants actions unconstitutional;

C) Award compensatory, punitive and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law against Defendants in favor of Plaintiff in the amount of $500,000 or in the amount determined at trial.

D) Award reasonable attorneys' fees and costs to Plaintiff as authorized by 42 U.S.C. §1988 and other relevant statutes; including those associated with having to defend against the false criminal charge as well as expert witness fees.

E) For such other relief as is appropriate under the circumstances.

### JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury as guaranteed by the Seventh Amendment to the United States Constitution.

s/Dagna Van Der Jagt<br>
Dagna Van Der Jagt<br>
Starzynski Van Der Jagt, PC<br>
16748-9C E. Smoky Hill Rd. #208<br>
Centennial, CO 80015<br>
Tel: 303-646-7040<br>
Fax: 866-877-5566<br>
E-mail: Dagna@vdjlaw.com<br>
Attorney for Plaintiff Alan Waugh